# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10324

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MATTHEW STEVEN MERRILL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CR-46-1

Before SMITH, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Matthew Merrill pleaded guilty to possession of a firearm and ammunition by a person convicted of a misdemeanor crime of domestic violence. Merrill now challenges the sufficiency of his plea given the statutory language of 18 U.S.C. § 921(a)(33). Finding no plain error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10324

## I.

Merrill pleaded guilty to the first count of a two-count grand jury indictment.  In doing so, he admitted that he had previously been convicted of a misdemeanor crime of domestic violence that "meets all the requirements of Title 18, United States code, Section 921(a)(33)" and that he later possessed both a shotgun and ammunition.  The presentence report explained that Merrill's prior misdemeanor domestic-assault conviction involved the nineteen-year old Merrill's "striking his father . . . result[ing] in lacerations to his father's face."  The district court imposed a Guidelines sentence of thirty-seven months' imprisonment and a year of supervised release.

Merrill timely filed this appeal to challenge the sufficiency of the factual basis for his plea, arguing that the federal misdemeanor domestic assault statute, 18 U.S.C. § 921(a)(33), does not apply to a son hitting his father.

## II.

Both parties agree that Merrill's plea agreement does not bar his challenge to the sufficiency of the factual basis for his plea.  *United States v. Ortiz*, 927 F.3d 868, 873 (5th Cir. 2019).  Both parties also agree that Merrill did not raise that claim in district court, so the proper standard of review is plain error.  *Id.* at 872.  On plain-error review, the defendant must (1) establish an error (2) that is clear or obvious and (3) affected the defendant's substantial rights.  *Id.*  If those three conditions are met, this court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018)).

A court must determine that there is a factual basis for a guilty plea before entering judgment on that plea.  FED. R. CRIM. P. 11(b)(3).  The factual basis must "be sufficiently specific to enable the district court to compare the

conduct admitted by the defendant with the elements of the offense charged." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Section 922(g)(9) renders it unlawful for a person "who has been convicted in any court of a misdemeanor crime of domestic violence" to knowingly own or possess a firearm and ammunition. 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A) defines "misdemeanor crime of domestic violence" as an offense that is "committed by a current or former spouse, parent, or guardian of the victim, . . . or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A).

Merrill argues on appeal that his prior misdemeanor conviction for beating his father does not establish that his "conviction meets all the requirements of . . . Section 921(a)(33)." Merrill was convicted of domestic assault under the Texas Penal Code, which defines domestic assault pursuant to consanguinity or affinity—more broadly than the definition in § 921(a)(33)(A). *See* TEX. PENAL CODE § 22.01(a); TEX. FAMILY CODE §§ 71.003, 71.004; TEX. GOV'T CODE § 573.022. He argues that, in contrast to the Texas statute, § 921(a)(33)(A) does not cover a son's assaulting his father. Thus, Merrill claims, the Government cannot establish the necessary relationship in the predicate charge for a valid guilty plea.

Merrill's challenge to the factual basis of his plea is "novel" and "not entirely clear under the existing case authority." *Trejo*, 610 F.3d at 319. Even if Merrill could ultimately demonstrate error in his guilty plea, any such error is not obvious or clear, as required under our plain-error precedents. *See United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) ("We perceive no plain error in the district court's acceptance of Alvarado–Casas's sworn statement of guilt, as his proposed interpretation of [the statute] is not compelled by the plain language of the statute or a binding judicial construction of it."); *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir.

No. 19-10324

2012) ("Considering the caselaw . . . leads to one conclusion:  any error by the district court is subject to reasonable dispute. By definition, that is not plain error.") (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  Therefore, Merrill cannot meet the burden required for relief under plain-error review.

**\* \* \***

As the district court did not plainly err, we affirm.